Joe GIAMONA, Horace Giamona, and John Giamona, Libelants,

v.

John MINEO, Frank Mineo, and The American diesel fishing vessel PROVI-DENZA, her tackle, gear and equipment, Respondents.

No. 26605.

United States District Court, N. D. California, S. D.

Nov. 2, 1954.

Derby, Cook, Quinby & Tweedt, James A. Quinby, San Francisco, Cal., for libelants.

Lillick, Geary, Olson, Adams & Charles, San Francisco, Cal., for respondents.

HAMLIN, District Judge.

This is an action in Admiralty brought by the libelants, the owners of the St. Christopher, against the owners of the Providenza. Both of these ships are fishing vessels. The St. Christopher became entangled in her own net which had been set and which contained about one hundred tons of fish. As a result, the St. Christopher was lying dead in the water. At the request of

the St. Christopher the Providenza came to her aid. A line was attached from the stern of the Providenza to the bow of the St. Christopher, but this failed to pull her off her nets. The line was then shifted to the stern of the St. Christopher, but this, too, failed. At the direction of those aboard the St. Christopher, the Providenza slacked off the line by putting its engine in neutral and ceasing its forward motion. The engineer of the Providenza then attempted to go forward by putting the engine back in "Forward", but at this point a pin in the clutch chain broke, so that it was impossible to shift. The engineer went below to shift manually, but before this could be done the two vessels collided, causing the damage complained of in the libel.

 It is the contention of the libel that the St. Christopher was motionless and in a disabled condition, Flores v. The New Rex, D.C.N.D.Cal.1951, 96 F.Supp. 457, and that after the Providenza was called upon for assistance and lines were attached and moved at the direction of those aboard the St. Christopher, the Providenza was allowed to drift over and collide with the St. Christopher, and that under this set of circumstances there is a presumption that the Providenza was at fault. The Shinsei Maru, D.C.E.D.Va.1920, 266 F. 548; The Olympia, 6 Cir., 1894, 61 F. 120; The Buffalo, 2 Cir., 1932, 56 F.2d 738; The Trenton, 2 Cir., 1934, 72 F.2d 283. The respondents deny negligence on their part, and contend that the damage was the result of an inevitable accident. The party relying on the defense of inevitable accident must "show what was the cause of the accident and that the result of that cause was inevitable, or he must show all possible causes, one or the other of which produced the effect, and then also show with regard to every one of the possible causes that the result could not be avoided. In other words, in support of the plea, the admiralty law allows the injuring party to prove if he can that the accident was of such a sort that it would not have been prevented by the use of that degree of reasonable care and attention which the situation demanded." Robinson on Admiralty, § 107, page 794; The Meanticut, D.C.S.D.N.Y.1945, 65 F.Supp. 203; The Beacon, D.C.Md.1934, 6 F. Supp. 779.

Respondents have, in the opinion of the Court, borne this burden. The cause of the accident was the break in the clutch chain. There was no unusual strain on this chain at the time it broke. It was never subject to any great strain and the part that broke did not pass over a sprocket, so that it was not subject to wear in that respect. This chain was inspected and oiled every three or four days. The engineer of the Providenza testified that he had never heard of such a chain breaking before. Under these circumstances, the Court is of the opinion that the respondent met that degree of reasonable care and attention which the situation demanded and that the breakage of the chain was not due to any fault of the respondents.

Therefore, it is the opinion of the Court that a decree in favor of the respondents should be entered and it is so ordered.